**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5323-17T1

KAREN RUIZ,

      Petitioner-Appellant,

v.

BOARD OF TRUSTEES, POLICE
AND FIREMEN'S RETIREMENT
SYSTEM,

      Respondent-Respondent.

_____

Submitted September 10, 2019 – Decided September 16, 2019

Before Judges Fisher and Rose.

On appeal from the Board of Trustees of the Police and Firemen's Retirement System, Department of the Treasury, PFRS No. 3-10-052026.

Caruso Smith Picini PC, attorneys for appellant (Timothy Richard Smith, of counsel; Ben O. Weathers, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Robert Seymour Garrison, Jr., Deputy Attorney General, on the brief).

PER CURIAM

Karen Ruiz appeals a final agency decision that concluded she was not entitled to retirement benefits because, when she applied, she was not a member of the pension system. We agree the agency applied correct legal principles and that no material disputed facts stood in the way of a summary decision, and, so, we affirm.

The matter presents no factual or legal complexities. Ruiz began her employment with the Camden Police Department on April 10, 2006; she was then enrolled in the Police and Firemen's Retirement System. Seven years later, Ruiz was injured while on duty and soon after filed a workers' compensation petition. She was still under medical treatment when the police department downsized and terminated her employment effective April 30, 2013; she continued, however, to receive temporary workers' compensation benefits.

Nearly a year after her employment termination, Ruiz underwent a functional capacity examination, which resulted in a determination that she was fit to return to work. As a consequence, on October 5, 2014, her then attorney received written notice that Ruiz's temporary workers' compensation benefits were terminated as of September 30, 2014. A month later – on November 3, 2014 – Ruiz applied for accidental disability retirement benefits.

A-5323-17T1

The pension board initially granted ordinary disability retirement benefits pending receipt of further medical evidence. Later, after recognizing Ruiz was no longer a "member in service" at the time of her application, the board terminated all retirement benefits. Ruiz appealed and the matter was referred to the Office of Administrative Law. For reasons expressed in a written opinion, an administrative law judge (ALJ) granted the pension board's motion for summary decision, and the board later adopted the ALJ's opinion as its final agency decision.

Ruiz appeals that final decision, arguing the ALJ misapplied the summary-decision standard and failed, as well, to consider the equities. Ruiz also argues that the ALJ's apparent credibility finding called into question the fairness and impartiality of the administrative proceedings. We find insufficient merit in these arguments to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only the following few comments.

We discern from Ruiz's submissions that she does not dispute that her entitlement to retirement benefits is dependent on her being a "member in service" when she applied. N.J.S.A. 43:16A-7(a)(1). One is defined as a "member in service" so long as "the member or the employer was making pension contributions to the retirement system" when the application was made.

N.J.A.C. 17:4-6.7(a)(1). One also qualifies as a "member in service" when on an "approved leave of absence." Ibid. There is no dispute that these concepts extended Ruiz's status as "member in service" beyond the termination of her employment and until her workers' compensation benefits were terminated. The scope of what it means to be a "member in service," however, extends no further. And our pension laws allow no greater liberality. See Smith v. State Dep't of Treasury, Div. of Pensions & Benefits, 390 N.J. Super. 209, 212-13 (App. Div. 2007); see also Cardinale v. Bd. of Trs., Police & Firemen's Ret. Sys., 458 N.J. Super. 260, 272 (App. Div. 2019).

In short, we must affirm because Ruiz was not a "member in service" when she applied for retirement benefits on November 3, 2014. Her employment ended on April 30, 2013, and only her continued receipt of workers' compensation benefits rendered Ruiz a "member in service," but only until those benefits ceased on September 30, 2014. The twilight period – from employment termination to compensation-benefits termination – extended her "member in service" status for seventeen months during which Ruiz could have validly applied for retirement benefits. Her failure to act during that grace period was fatal to her November 2014 application.

A-5323-17T1

Even if we were to recognize – as Ruiz urges – that the law imposes a notice requirement, and even if that alleged requirement allowed for continuation of Ruiz's pension system membership until notice was given, there is no dispute that Ruiz's representative – her attorney at the time – received written notice nearly thirty days <u>before</u> Ruiz submitted her application for retirement benefits. So, even if we were to view the circumstances with such liberality, Ruiz's application was still filed when she could not lawfully be viewed as a "member in service."

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5323-17T1